UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80083-CR-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

DOMINIC COBB,

    Defendant.
_____/



FILED by _____ D.C.
AUG - 1 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLEA AGREEMENT

The United States of America and Dominic Cobb (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which count charges the defendant with being a felon in possession of one or more firearms and one or more rounds of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the

1

Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

**MAXIMUM PENALTIES**

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of ten (10) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

**FACTUAL BASIS**

7. The United States of America and the defendant agree that had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt, and that the following facts are true and correct and meet the elements of Count 1 of the Indictment:

In 2007, the defendant was convicted in Florida State Court in two separate cases of the felony offense of Possession of Marijuana in excess of 20 grams.

On April 25, 2012, school officials from Barton Elementary School discovered the defendant's niece had two firearms inside her school backpack. Barton Elementary School is located in Palm Beach County, in the Southern District of Florida. In addition to the two firearms, Palm Beach County School District Police Officers discovered one of the firearms was loaded with rounds of ammunition and there were additional rounds of ammunition inside the backpack.

The defendant traveled to the school and was interviewed by the police and by ATF Special Agent Timothy Trenschel. The defendant's interviews were non-custodial and voluntary. During his post-*Miranda* interview with Special Agent Trenschel, which was also audio recorded, the defendant admitted to purchasing both firearms. The defendant said both firearms belonged to him. The defendant also admitted to placing both firearms in his niece's backpack. The defendant said the bullets came with the firearms.

The two firearms and rounds of ammunition, as described in the indictment and which were recovered in this case, were inspected by ATF Special Agent Alan Oxley, who has testified as an expert concerning the identification, classification and determination of origin of firearms and ammunition. Based on his training and experience, Special Agent Oxley determined that both

firearms as well as the rounds of ammunition were manufactured outside of the State of Florida. Based on his training and experience, Special Agent Oxley determined that the recovered firearms meet the federal definition of "firearm" and that the recovered rounds of ammunition meet the federal definition of "ammunition."

8. **FORFEITURE**

Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following which is subject to forfeiture pursuant to Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 924(d)(1):

1. One (1) Beretta PX-4 Storm, .40 caliber pistol.
2. One (1) Walther P22, .22 caliber pistol.
3. Eight (8) rounds of .40 caliber Remington Peters ammunition.
4. One (1) round of .40 caliber Federal ammunition.
5. Two (2) rounds of .40 caliber Winchester ammunition.
6. Six (6) rounds of 9mm Federal ammunition.
7. Twenty-six (26) rounds of .22 caliber Remington ammunition.

The defendant agrees that the above listed property represents a firearm or ammunition involved in or used in a violation of Count 1.

Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest

title in the United States. Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/1/12          By: _____
                           WILLIAM T. ZLOCH
                           ASSISTANT UNITED STATES ATTORNEY

Date: 6/27/12         By: _____
                           ROBERTO D. STANZIALE
                           ATTORNEY FOR DEFENDANT

Date: 06-21-12        By: _____
                           DOMINIC COBB
                           DEFENDANT